IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDRICK GOINGS,                )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. 3:16 CV 489 SMY/RJD
                                )
JOHN BALDWIN, et al.,           )
                                )
            Defendants.         )

## MEMORANDUM AND ORDER

Before the Court is the First Amended Complaint and related motions filed by Plaintiff Fredrick Goings, an inmate with the Illinois Department of Corrections (Docs. 22, 23, 25, 72, 74.) Plaintiff's First Amended Complaint is subject to screening under 28 U.S.C. § 1915A.

### Background

Plaintiff filed this action on May 2, 2016 pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. (Doc. 1.) On July 22, 2016, the Court screened Plaintiff's initial Complaint, characterizing his claims as follows:

**Count 1:** An Eighth Amendment failure to protect claim against Benefield for setting in motion the violent attack by inmate David Sesson.

**Count 2:** An Eighth Amendment failure to protect claim against Butler, Schoenbeck, Tracy Lee, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Lance Phelps, Andrew Dillingham, Andrew Spiller, Brandon Anthony, and other unidentified defendants.

**Count 3:** A claim of state law defamation against Benefield for telling other inmates that Plaintiff dropped a kite about an incident.

**Count 4:** A claim of state law defamation against Bennette, unidentified Administrative Review Board Panel members, and former IDOC director Stolworthy for publishing information that gave the impression that Plaintiff is a confidential informant.

**Count 5:** A state law claim of defamation against Bennette, unidentified Administrative Review Board Panel members, and former IDOC director Stolworthy that gave the impression that Plaintiff fabricated a story about receiving a threatening kite.

**Count 6:** A claim of conspiracy to violate constitutional rights against Bennette, unknown Administrative Review Board Panel members, and former IDOC director Stolworthy for conspiring to cover up the attack on Plaintiff.

**Count 7:** A state law claim of battery against Big E for grabbing Plaintiff by the neck and pushing his face into a wall.

**Count 8:** An Eight Amendment excessive force claim against Big E for grabbing Plaintiff by the neck and pushing his face into a wall.

**Count 9:** An Eighth Amendment claim of deliberate indifference towards medical needs against Charlotte Miget, unidentified healthcare staff, and an unidentified sergeant for denying Plaintiff medical care following the attack by inmate David Sesson.

**Count 10:** An Eighth Amendment claim of deliberate indifference towards medical needs against Jones and unidentified healthcare and correctional staff for refusing Plaintiff medical care following the Big E attack.

**Count 11:** A Fourth Amendment unreasonable search claim against Benefield and unidentified correctional staff assigned for performing a search of Plaintiff's cell.

**Count 12:** A Fourth Amendment unreasonable search claim against Spiller, Big E, and unidentified correctional staff for subjecting Plaintiff to multiple strip searches.

**Count 13:** An Eighth Amendment conditions of confinement claim against Big E, Jones, and unidentified healthcare and correctional staff for the conditions of Cell 503.

**Count 14:** An Eighth Amendment claim of deliberate indifference towards medical needs against Big E, Jones, and unidentified healthcare and correctional staff for denying access to blood pressure medication.

**Count 15:** An Eighth Amendment conditions of confinement claim against Jones for the conditions of Cell 503.

**Count 16:** A First Amendment claim of retaliation against Benefield for harassing Plaintiff in retaliation for filing grievances.

**Count 17:** A state law claim of intentional interference with prospective business opportunities against Benefield for starting a rumor that Plaintiff dropped a kite on another inmate, as such a rumor would be detrimental because Plaintiff is an attorney and is expected to maintain strict confidence and confidentiality.

**Count 18:** A state law claim of intentional interference with prospective business opportunities against Bennette, Stolworthy, and unknown ARB members for publishing a lie in the correspondence denying Plaintiff protective custody that had the effect of damaging Plaintiff's reputation as an attorney.

**Count 19:** A state law claim of intentional interference with prospective business opportunities against Galioto for publishing information in Plaintiff's medical records that suggests Plaintiff lacks self-control or that he believes his own family is trying to kill him, which would negatively affect perceptions of Plaintiff's competence.

**Count 20:** A state law claim of intentional infliction of emotional distress against Benefield, Butler, Schoenbeck, Tracy Lee, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Lance Phelps, Andrew Dillingham, Andrew Spiller, Brandon Anthony based on harassment, abuse, retaliation, and systemic road blocks.

(Doc. 11.) The Court allowed Counts 1, 2, 7, 8, 9, 10, 12, 14 and 20 to proceed, but dismissed all other counts. (*Id.*) The Court severed into a separate action the claims pertaining to Big E,[1] Spiller and Jones – Counts 7, 8, 10, 12, and 14. *See Goings v. Jones*, 3:16-cv-00833-NJR-DGW. Following the Screening Order, only Counts 1, 2, 9, and 20 remained.

Plaintiff submitted a proposed nineteen-count amended complaint on September 30, 2016. (Doc. 22.) On February 28, 2017, he submitted a second proposed amended complaint. (Doc. 72.) "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, the first proposed amended complaint (Doc. 22) and related motions (Docs. 23, 25) are MOOT.

In the second proposed amended complaint, Plaintiff's claims are as follows:

**Count 1:** An Eighth Amendment failure to protect claim against Benefield for setting in motion the violent attack by inmate David Sesson.

---

[1] Plaintiff later identified "Big E" as Lt. Frank Eovaldi. (Doc. 43,)

3

**Count 2:** An Eighth Amendment claim of deliberate indifference to Plaintiff's safety against Benefield for setting in motion the violent attack by inmate David Session.

**Count 3:** An Eighth Amendment claim for excessive force and unconstitutional conditions of confinement against Benefield, Eovaldi, and Jones for subjecting Plaintiff to dangerous or restrictive conditions and guard brutality.[2]

**Count 4:** An Eighth Amendment failure to protect claim against Butler, Schoenbeck, Tracy Lee, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Lance Phelps, Andrew Dillingham, Andrew Spiller, and Brandon Anthony.[3]

**Count 5:** A claim of state law defamation against Benefield for telling other inmates that Plaintiff dropped a kite about an incident and referring to Plaintiff as a rat and stool pigeon.

**Count 6:** A claim of state law defamation against Bennette and former Illinois Department of Corrections Director Stolworthy for written findings following a protective custody hearing.

**Count 7:** A state law claim of battery against Frank Eovaldi for grabbing Plaintiff by the neck and pushing his face into a wall.

**Count 8:** A state law claim of assault against Frank Eovaldi for lunging towards Plaintiff.

**Count 9:** An Eighth Amendment excessive force claim against Eovaldi for grabbing Plaintiff by the neck and pushing his face into a wall.

**Count 10:** An Eighth Amendment claim for excessive force and unconstitutional conditions of confinement against Eovaldi.

**Count 11:** A claim against Eovaldi for violating 20 Ill. Admin. Code § 501.30 by using unnecessary force against Plaintiff.

**Count 12:** An Eighth Amendment claim of deliberate indifference towards medical needs against Warden Butler for denying Plaintiff medical care following the attack by inmate David Sesson.

---

[2] Count 3 lists "CO Benefield, Lt. Frank Eovaldi, Anthony Jones, et al." as defendants for the excessive force claim. Plaintiff purports to name more than fifty defendants in the proposed second amended complaint. Due the impossibility of ascertaining the defendants referenced by "et al," the Court will construe the claims in the second amended complaint as involving only those expressly named.

[3] Although the Court has omitted references to the unidentified defendants here, the Court will allow the claims against such defendants to remain at this stage of the proceedings to allow Plaintiff the opportunity to identify them.

**Count 13:** A Fourth Amendment unreasonable search claim against Spiller and Eovaldi for subjecting Plaintiff to multiple strip searches.

**Count 14:** An Eighth Amendment claim of deliberate indifference towards medical needs against Eovaldi and Jones for denying access to blood pressure medication.

**Count 15:** An Eighth Amendment claim of unconstitutional confitions of confinement against Eovaldi and Jones for forcing Plaintiff to remain in Cell 503.

**Count 16:** A state law claim of intentional infliction of emotional distress against Benefield for setting in motion the attack by inmate David Sesson.

**Count 17:** A state law claim of intentional infliction of emotional distress against Butler, Spiller, Tracy Lee, Schoenbeck, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Andrew Dillingham, and Brandon Anthony for allowing the attack by inmate David Sesson.

**Count 18:** A state law claim of intentional infliction of emotional distress against Galioto for publishing misrepresentations regarding Plaintiff in his medical records.

**Count 19:** A state law claim of false imprisonment against Eovaldi for subjecting Plaintiff to segregation without due process.

**Count 20:** A First Amendment claim of retaliation against Benefield for harassing Plaintiff in retaliation for filing grievances.

### Discussion

#### *Counts 1, 2, 3, 4, 12, 16, and 17*

Counts 1, 4, 12, 16, and 17 are substantially similar to claims that survived the screening of the initial complaint. Plaintiff has made no changes requiring further review of these counts. Therefore, Counts 1, 4, 12, 16 and 17 shall proceed.

Plaintiff also asserts Counts 2 and 3 against Defendant Benefield. In Count 2, Plaintiff alleges an Eighth Amendment claim of deliberate indifference to Plaintiff's safety against Benefield for setting in motion the violent attack by inmate David Session. In Count 3, Plaintiff alleges an Eighth Amendment claim for excessive force and unconstitutional conditions of

confinement against Benefield for subjecting Plaintiff to dangerous or restrictive conditions and guard brutality. Count 2 duplicates Count 1 and is dismissed. *See Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010) (stating that deliberate indifference is an element of a failure to protect claim). However, Count 3 articulates Eighth Amendment theories that are distinguishable from Count 1. Therefore, Count 3 as it pertains to Defendant Benefield shall proceed.

### *Counts 3, 7, 8, 9, 10, 11, 13, 14, 15, 18, and 19*

Plaintiff's proposed second amended complaint includes several claims related to the conduct of Eovaldi, Jones and Spiller, including Counts 3, 7, 8, 9, 10, 11, 13, 14, 15, and 19. In the initial screening order, the Court found that the counts relating to Eovaldi, Jones and Spiller were not sufficiently related to the claims related to the David Sesson incident. As a result, the Court severed the counts pertaining to Eovaldi, Jones and Spiller into a separate action. Because the claims related to Eovaldi, Jones and Spiller have been severed into a separate action, Counts 3, 7, 8, 9, 10, 11, 13, 14, 15, and 19 are dismissed.[4] Similarly, because the allegations relating to Dr. Galioto's medical treatment also relate to the alleged attack by Eovaldi, Count 18 is also dismissed.

### *Count 20*

In Count 20, Plaintiff seeks to assert a First Amendment retaliation claim against Defendant Benefield. In the initial screening order, the Court dismissed this count on the basis that Plaintiff failed to identify the specific protected conduct that motivated the alleged retaliation. (Doc. 11 at 18.) The proposed second amended complaint contains additional allegations in support of this claim that lists several specific grievances. However, Plaintiff does not allege that these grievances motivated the alleged retaliation. Rather, he simply alleges that the identified grievances document "a pattern and campaign of harassment." Because Plaintiff

---

[4] Count 3 is dismissed only to the extent it pertains to Defendants Eovaldi and Jones.

has not cured the deficiencies identified in the initial screening order, Count 20 will be dismissed.

*Counts 5 and 6*

Plaintiff also seeks to reinstate Counts 5 and 6, which assert state law defamation claims under state law. The Court dismissed Counts 5 and 6 in the initial screening order for failure to state a claim.[5] Regarding Count 5, the Court dismissed the claim based on the statute of limitations. The Court dismissed Count 6 on grounds that Plaintiff failed to allege that Defendants Bennette and Stolworthy published the defamatory information to a third party – an essential element of a defamation claim. Counts 5 and 6 were also dismissed based on the absence of any federal cause of action for defamation and the absence of any reference to state law or supplemental jurisdiction.

Plaintiff has attempted to cure the deficiencies by referencing the supplemental jurisdiction statute, 28 U.S.C. § 1367. Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The claims must "derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999). "[A] loose factual connection between the claims is generally sufficient." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014).

In Count 5, Plaintiff alleges that Benefield defamed him by telling other inmates that Plaintiff "dropped a kite" about an incident and by referring to Plaintiff as a rat and stool pigeon.

---

[5] In the initial complaint, these counts were labeled as Counts 3 and 4. (*See* Doc. 1.)

Plaintiff also alleges that the defamatory conduct continued until October 2015.  Based on these allegations, Plaintiff has established a loose factual connection between Count 5 and his federal claims and has adequately addressed the timeliness issue identified in the initial Screening Order. Therefore, Count 5 may proceed.

In Count 6, Plaintiff alleges that Defendants Benton and Stolworthy defamed him by publishing findings to other members of the Administrative Review Board to cover up the conduct of Benefield and the David Sesson attack and to deny Plaintiff protective custody. Because Plaintiff has alleged at least a loose factual connection, Count 6 may also proceed.

## Disposition

The Clerk of Court is DIRECTED to file Plaintiff's Amended Complaint.  The remaining defendants consist of Benefield, Kim Butler, Josh Schoenbeck, Tracy K. Lee, Jeannette C. Hecht, Michael Hof, Aaron Runge, Erin Carter, Lance Phelps, Andrew Dillingham, Andrew W. Spiller, Brandon M. Anthony, Stolworthy, and Bennette.  The unidentified defendants also remain.

Pursuant to 28 U.S.C. § 1915A, Counts 2, 7, 8, 9, 10, 11, 13, 14, 15, 18, 19, and 20 are DISMISSED without prejudice.  Plaintiff may proceed on Counts 1, 3, 4, 5, 6, 12, 16, and 17. The parties are DIRECTED to refer to these counts in all future filings.  Defendants are ORDERED to file an answer or responsive pleading within thirty days.

Plaintiff's Motion to Amend the Complaint (Doc. 22), Motions to Correct the Proposed Amended Complaint (Docs. 23, 25), and Motion for Copies (Doc. 74) are DENIED as MOOT.

**IT IS SO ORDERED.**

**DATED: March 27, 2017**

**s/ Staci M. Yandle**
**U.S. District Judge Staci M. Yandle**
