## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDRICK GOINGS,                     )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        Case No. 3:16 CV 489 SMY/RJD
                                     )
JOHN BALDWIN, et al.,                )
                                     )
                    Defendants.      )

### MEMORANDUM AND ORDER

Before the Court are eleven pending motions filed by Plaintiff Fredrick Goings.  (Docs.

27, 35, 41, 45, 50, 51, 53, 54, 58, 59, 60, 61, 63.)   Plaintiff, an inmate with the Illinois

Department of Corrections, brought this action asserting claims under 42 U.S.C. § 1983 and state

law claims.  (Doc. 1.)  The Court screened Plaintiff's initial Complaint and severed the claims

into separate actions.  (Doc. 11.)  On March 27, 2017, the Court screened Plaintiff's amended

complaint (Doc. 79.)   Plaintiff's remaining claims pertain to his incarceration at Menard

Correctional Center and are as follows:

> **Count 1:** An Eighth Amendment failure to protect claim against Benefield for
> setting in motion the violent attack by inmate David Sesson.
>
> **Count 3:** An Eighth Amendment claim for excessive force and unconstitutional
> conditions of confinement against Benefield for subjecting Plaintiff to dangerous
> or restrictive conditions and guard brutality.
>
> **Count 4:** An Eighth Amendment failure to protect claim against Butler,
> Schoenbeck, Tracy Lee, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter,
> Lance Phelps, Andrew Dillingham, Andrew Spiller, and Brandon Anthony.[1]
>
> **Count 5:** A claim of state law defamation against Benefield for telling other
> inmates that Plaintiff dropped a kite about an incident and referring to Plaintiff as
> a rat and stool pigeon.

---

[1] Although the Court has omitted references to the unidentified defendants here, the Court will allow the claims
against such defendants to remain at this stage of the proceedings to allow Plaintiff the opportunity to identify them.

**Count 6:** A claim of state law defamation against Bennette and former Illinois Department of Corrections Director Stolworthy for written findings following a protective custody hearing.

**Count 12:** An Eighth Amendment claim of deliberate indifference towards medical needs against Warden Butler for denying Plaintiff medical care following the attack by inmate David Sesson.

**Count 16:** A state law claim of intentional infliction of emotional distress against Benefield for setting in motion the attack by inmate David Sesson.

**Count 17:** A state law claim of intentional infliction of emotional distress against Butler, Spiller, Tracy Lee, Schoenbeck, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Andrew Dillingham, and Brandon Anthony for allowing the attack by inmate David Sesson.

**Motions for Injunctive Relief**

Plaintiff moves for a preliminary injunction to prevent harassment and retaliation at Pontiac Correctional Center. (Doc. 41.)  Plaintiff transferred from Menard Correctional Center to Pontiac Correctional Center on June 1, 2016.  He alleges that the Pontiac staff members have denied him cleaning supplies and hygiene products, tampered with his legal mail and filings, failed to provide proper medical care and mishandled his grievances.  Plaintiff has also moved for a temporary restraining order to prevent harassment and retaliation. (Doc. 51.)  He alleges that he was assaulted as he slept in his cell at Pontiac Correctional Center.

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998).  "In this circuit, the standards for a TRO and a preliminary injunction are functionally identical."  *Crue v. Aiken*, 137 F.Supp.2d 1076, 1082–83 (C.D.Ill.2001).  "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm

the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* "A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit." *Welch v. Tritt*, 2015 WL 6971312, at *1 (E.D. Wis. Nov. 9, 2015) (citing *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997)). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, 2012 WL 5425605, at *2 (C.D. Ill. Nov. 6, 2012) (citing *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985)); *see also Lake v. Robert*, 2014 WL 3610405, at *1 (S.D. Ill. July 22, 2014); *Jackson v. Welborn*, 2013 WL 1287369, at *3 (S.D. Ill. Mar. 6, 2013).

Plaintiff has not demonstrated a relationship between the allegations asserted in support of the instant motions and those set forth in his Complaint. Significantly, Plaintiff's motions for injunctive relief relate to Plaintiff's incarceration at Pontiac Correctional Center while his Complaint allegations pertain to his incarceration at Menard. Plaintiff asserts his belief that the correctional staff at Pontiac is acting on behalf of or in concert with the Menard defendants. However, he does not elaborate on the basis for this belief. More is required for the Court to find the necessary relationship between the instant action and the requests for injunctive relief. In the

3

absence of any such allegations, Plaintiff must file another lawsuit against the Pontiac Correctional Center staff to pursue the injunctive relief he seeks.   Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 41) and Motion for Temporary Restraining Order (Doc. 51) are **DENIED**.

**Motions for Clarification and Motions for Copies**

Plaintiff has requested clarification regarding his obligations with respect to service. (Doc. 27.)   He references the Screening Order, which states, "Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court."  Here, where counsel has appeared for each defendant remaining in the case, the obligation is satisfied by filing a document with the electronic filing system.  *See* Fed. R. Civ. P. 5(b).

Plaintiff has also seeks clarification regarding the Docket Text Order entered on December 12, 2016 (Doc. 48).   The record reflects that, on December 9, 2016, Defendants moved for an extension of time to file an answer, which the Court granted and extended the deadline to December 23, 2016.  (Docs. 46, 47.)  On December 12, 2016, the Court inadvertently set the discovery deadline for that date rather resetting the deadline for the answer.  On the same day, the Court recognized the error and corrected it by striking the discovery deadline and replacing it with a deadline for an answer.

Plaintiff requests copies of Defendant's motions for extensions of time to file an answer and to confirm that Defendants properly filed the motions.  (Docs. 35, 53.)  The Court charges fifty cents per page for copies.  However, as a one-time courtesy, the Court will send Plaintiff a copy of these motions.

Plaintiff further requests that the Court direct the Clerk of Court to clarify the docket text for Plaintiff's Motion to Reconsider Motion for Entry of Default at Docket No. 59.  (Doc. 61.) Plaintiff describes the docket text as "uncertain and misleading".  However, considering the context of the docket – the surrounding entries and the text of the motion itself – the procedural history of the case and the nature of the motion are clear and unambiguous.  As such, Plaintiff's request is denied.

Plaintiff also requests that the Court modify the docket text for his motion for extension of time to file a reply, stating that he intended to request a motion for an extension only with respect to the motion for a preliminary injunction and not with respect to his motion for a temporary restraining order.  (Doc. 63.)  Plaintiff's request is granted.

### Motion to Strike Answer and Motion to Reconsider the Denial of Entry of Default

Plaintiff moves to strike Defendants' Answer, arguing that they failed to respond to his first Amended Complaint, that the affirmative defenses are unresponsive and irrelevant, that the Answer is untimely and contains bare denials without factual support, that Defendants improperly allege that they have insufficient information, and they have denied allegations they know to be true.[2]

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).  Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue.  *Heller v.*

---

[2] Although Plaintiff's motion has not been filed at the time of this Order, Plaintiff has moved for leave to file the motion to strike.  (Doc. 60.)  Leave to file the motion to strike is granted.  For purposes of judicial economy and because it will not prejudice Defendants, the Court will contemporaneously determine the merits the motion to strike.

*Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D.Ill. 1992). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D.Ill. 1997). The determination of whether to strike under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Plaintiff contends that Defendants erred by filing an Answer that addresses the initial Complaint rather than the Amended Complaint. However, the Court received but did not file the Amended Complaint until it completed the screening process required by 28 U.S.C. § 1915A. "[W]hile the Court is screening a prisoner's complaint pursuant to § 1915A, the defendants may waive their answer until they are ordered to reply by the Court." *Boclair v. Hardy*, 2013 WL 427123, at *2 (N.D. Ill. Feb. 1, 2013). Therefore, Defendants did not err by responding to the initial Complaint. Plaintiff's Amended Complaint has now been filed and screened and the Court has ordered Defendants to respond.

Plaintiff also argues that Defendants' Answer is untimely. Defendants waived service on September 21 and October 11, 2016, and the Answer was due on November 7, 2016. (Docs. 20, 26.) On November 7, 2016, Defendants timely moved for an extension to December 9, 2016, which the Court granted. (Doc. 31.) On December 9, 2016, Defendants timely moved for a second extension to December 23, 2016, which the Court granted. (Doc. 46.) Defendants then timely filed an Answer on December 23, 2016. (Doc. 52.) Thus, Plaintiff's argument is without merit.

In light of the recently screened Amended Complaint and Defendants' pending response, the remaining arguments in Plaintiff's Motion to Strike are moot. In the event Plaintiff seeks to

strike portions of Defendants' answer to the Amended Complaint, the Court advises Plaintiff to review Fed. R. Civ. P. 8(b), which details the requirements for an answer.  Plaintiff should bear in mind that motions to strike are disfavored and are not an appropriate vehicle for legal or factual challenges to any claim or defense.  *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Husainy v. Allied Collection Serv., Inc*., 2016 WL 1604824, at *2 (N.D. Ind. 2016); Co., *Indiana Gas Company v. Aetna Casualty and Surety Co*., 1995 WL 866417, *2 (N.D. Ind. 1995).  Based on the foregoing, Plaintiff's Motion to Strike is denied.

Finally, Plaintiff moves the Court to reconsider the denial of entry of default, again arguing that Defendants failed to answer the Amended Complaint.  (Doc. 59.)  This argument is addressed above, and Plaintiff's Motion to Reconsider the Denial of Entry of Default is also denied.

## Conclusion

For the above-stated reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 41), Motion for Temporary Restraining Order (Doc. 51), Motion to Strike Answer, Motion to Reconsider the Denial of Entry of Default (Doc. 59), and Motion to Clarify Docket Text (Doc. 61) are DENIED.  Plaintiff's Motion for an Extension of Time to Respond to Defendants' Motion to Stay Discovery (Doc. 45), Motion for an Extension of Time to Reply in Support of the Motion for Preliminary Injunction (Doc. 54), and Motion for Extension of Time to Reply to Defendant's Answer (Doc. 58) are DENIED as moot.

Plaintiff's Motions for Clarification (Docs. 27, 50, 63), Motions for Copies (Docs. 35, 53), and Motion for Leave to File a Motion to Strike Answer (Doc. 60) are GRANTED.  The Clerk of Court is DIRECTED to file Plaintiff's Motion to Strike Answer and to mail Plaintiff copies of Defendants' Motions for Extensions of Time (Docs. 31, 46).  The Clerk of Court is

further DIRECTED to modify the docket text for Plaintiff's Motion for an Extension of Time to Reply (Doc. 54) to reflect that Plaintiff requested an extension of time solely with respect to Plaintiff's Motion for a Preliminary Injunction (Doc. 41).

**IT IS SO ORDERED.**

**DATED: March 27, 2017**

**s/ Staci M. Yandle**

**U.S. District Judge Staci M. Yandle**