IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDRICK GOINGS,  )
          )
    Plaintiff,  )
          )
v.         )  Case No. 3:16 CV00489 SMY RJD
          )
JOHN BALDWIN, et al.,  )
          )
    Defendants. )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to Amend and Defendants' Motion for an Extension of Time. (Docs. 106, 108). Plaintiff Frederick Goings is an inmate with the Illinois Department of Corrections. On May 2, 2016, Goings filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. (Doc. 1). On March 27, 2017, the Court screened Plaintiff's Second Amended Complaint, characterizing Goings' claims as follows:

> **Count 1:** An Eighth Amendment failure to protect claim against Benefield for setting in motion the violent attack by inmate David Sesson.
>
> **Count 2:** An Eighth Amendment claim of deliberate indifference to Goings' safety against Benefield for setting in motion the violent attack by inmate David Sesson.
>
> **Count 3:** An Eighth Amendment claim for excessive force and unconstitutional conditions of confinement against Benefield, Eovaldi, and Jones for subjecting Goings to dangerous or restrictive conditions and guard brutality.
>
> **Count 4:** An Eighth Amendment failure to protect claim against Butler, Schoenbeck, Tracy Lee, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Lance Phelps, Andrew Dillingham, Andrew Spiller, and Brandon Anthony.
>
> **Count 5:** A claim of state law defamation against Benefield for telling other inmates that Goings dropped a kite about an incident and referring to Goings as a rat and stool pigeon.

**Count 6:** A claim of state law defamation against Benton and former Illinois Department of Corrections Director Stolworthy for written findings following a protective custody hearing.

**Count 7:** A state law claim of battery against Frank Eovaldi for grabbing Goings by the neck and pushing his face into a wall.

**Count 8:** A state law claim of assault against Frank Eovaldi for lunging towards Goings.

**Count 9:** An Eighth Amendment excessive force claim against Eovaldi for grabbing Goings by the neck and pushing his face into a wall.

**Count 10:** An Eighth Amendment claim for excessive force and unconstitutional conditions of confinement against Eovaldi.

**Count 11:** A claim against Eovaldi for violating 20 Ill. Admin. Code § 501.30 by using unnecessary force against Goings.

**Count 12:** An Eighth Amendment claim of deliberate indifference towards medical needs against Warden Butler for denying Goings medical care following the attack by inmate David Sesson.

**Count 13:** A Fourth Amendment unreasonable search claim against Spiller and Eovaldi for subjecting Goings to multiple strip searches.

**Count 14:** An Eighth Amendment claim of deliberate indifference towards medical needs against Eovaldi and Jones for denying access to blood pressure medication.

**Count 15:** An Eighth Amendment claim of unconstitutional conditions of confinement against Eovaldi and Jones for forcing Goings to remain in Cell 503.

**Count 16:** A state law claim of intentional infliction of emotional distress against Benefield for setting in motion the attack by inmate David Sesson.

**Count 17:** A state law claim of intentional infliction of emotional distress against Butler, Spiller, Tracy Lee, Schoenbeck, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Andrew Dillingham, and Brandon Anthony for allowing the attack by inmate David Sesson.

**Count 18:** A state law claim of intentional infliction of emotional distress against Galioto for publishing misrepresentations regarding Goings in his medical records.

> **Count 19:** A state law claim of false imprisonment against Eovaldi for subjecting Goings to segregation without due process.
>
> **Count 20:** A First Amendment claim of retaliation against Benefield for harassing Goings in retaliation for filing grievances.

(Doc. 79). The Screening Order allowed Goings to proceed on Counts 1, 3, 4, 5, 6, 12, 16 and 17, but dismissed all other counts with prejudice.[1] (*Id.*).

On July 6, 2017, Goings filed the instant motion, seeking leave to file a Third Amended Complaint. (Doc. 106). Goings does not attempt to add new facts or claims in the proposed amended complaint; rather, he removes some, but not all of the claims dismissed by the Screening Order with the apparent purpose of clarity. Additionally, Goings' motion seeks the Court's reconsideration of the dismissal of Counts 2, 18, and 20. Allowing Goings to amend the complaint would have no legal effect, and the Court denies the request as unnecessary. However, the Court will consider Goings' reconsideration arguments.

In Count 18, Goings asserts a state law claim of intentional infliction of emotional distress against Defendant Galioto for publishing misrepresentations regarding Goings in his medical records. The Court dismissed this count, reasoning that the allegations pertained to claims relating to a use of force incident that had been severed into a separate case, *Goings v. Jones*, 3:16-cv-833-NJR-DGW. Goings argues that Count 18 does not relate to *Goings v. Jones* but stems from Defendant Galioto's medical treatment following the attack by David Sesson.

In Count 20, Goings states a First Amendment retaliation claim against Defendant Benefield for harassing Goings in retaliation for filing grievances. The Court dismissed this count, reasoning that Goings failed to allege that his grievances motivated Benefield's conduct. Goings argues that he adequately alleged a claim of First Amendment retaliation. Upon further

---

[1] Although Defendants Benton and Stolworthy were added to the case in March 2017, no efforts towards service of process have been made.

review of the Complaint, the Court agrees with Goings's arguments on these counts. Accordingly, Counts 18 and 20 are reinstated, and Goings may proceed on those claims.

Goings also argues that Count 2 should be reinstated. In the Screening Order, the Court observed that Counts 1 and Count 2 were duplicate claims and dismissed Count 2. In Count 1, Goings asserts an Eighth Amendment failure to protect claim against Benefield, for setting in motion the violent attack by inmate David Sesson. In Count 2, Goings alleges an Eighth Amendment claim of deliberate indifference to Goings's safety against Benefield, also for setting in motion the violent attack by inmate David Sesson. In the Screening Order, the Court explained that deliberate indifference was an element of an Eighth Amendment failure to protect claim rather than a standalone claim. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Goings argues that the two claims are supported by "two very distinct theories which require proof of different elements and substantially different facts." However, Goings offers no legal citations or elaboration to support his position (which the Court specifically finds is an incorrect interpretation of the applicable law). Accordingly, Goings's request to reinstate Count 2 is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend (Doc. 106) is **GRANTED** to the extent Plaintiff seeks to reinstate Counts 18 and 20 and **DENIED** in all other respects.

The Clerk of Court is **DIRECTED** to prepare for Defendants Stolworthy, Galioto, and Benton: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk shall mail these forms, a copy of the complaint, the Memorandum and Order from March 27, 2017 (Doc. 79), and this Memorandum

and Order to each defendant's place of employment as identified by Goings. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is further **ORDERED** that Defendant's Motion for Extension of Time (Doc. 108) is **GRANTED.** Dispositive motions on the exhaustion of administrative remedies are due to be filed by January 4, 2018.

**IT IS SO ORDERED.**
**DATED: December 6, 2017**

**/s/ Staci M. Yandle_____**
**STACIE M. YANDLE**
**United States District Judge**