IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDRICK GOINGS, )
)
          Plaintiff, )
)
vs. ) Case No. 16-cv-489-SMY-RJD
)
JOHN BALDWIN, et al., )
)
          Defendant. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Fredrick Goings, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Following screening of the Second Amended Complaint, Plaintiff is proceeding on the following Counts:

    **Count 1:** An Eighth Amendment failure to protect claim against Benefield for setting in motion the violent attack by inmate David Sesson.

    **Count 4:** An Eighth Amendment failure to protect claim against Butler, Schoenbeck, Tracy Lee, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Lance Phelps, Andrew Dillingham, Andrew Spiller, and Brandon Anthony.

    **Count 5:** A claim of state law defamation against Benefield for telling other inmates that Plaintiff dropped a kite about an incident and referring to Plaintiff as a rat and stool pigeon.

    **Count 6:** A claim of state law defamation against Benton and former Illinois Department of Corrections Director Stolworthy for written findings following a protective custody hearing.

    **Count 12:** An Eighth Amendment claim of deliberate indifference towards medical needs against Warden Butler for denying Plaintiff medical care following the attack by inmate David Sesson.

**Count 16:** A state law claim of intentional infliction of emotional distress against Benefield for setting in motion the attack by inmate David Sesson.

**Count 17:** A state law claim of intentional infliction of emotional distress against Butler, Spiller, Tracy Lee, Schoenbeck, Jeannette Hecht, Michael Hof, Aaron Runge, Erin Carter, Andrew Dillingham, and Brandon Anthony for allowing the attack by inmate David Sesson.

**Count 18:** A state law claim of intentional infliction of emotional distress against Galioto for publishing misrepresentations regarding Plaintiff in his medical records.

**Count 20:** A First Amendment claim of retaliation against Benefield for harassing Plaintiff in retaliation for filing grievances.

This matter is currently before the Court on Defendant Galioto's Motion to Dismiss Count 18 (Doc. 136). Plaintiff filed a Response (Doc. 161). For the following reasons, Defendant's motion is **DENIED**.

## Factual Background – Count 18

Goings alleges that he was attacked and strangled by his cellmate David Sesson on November 5, 2014. Following the attack, Goings was treated by a psychiatrist, Dr. Galioto, in early 2015. Goings alleges that Dr. Galioto initially agreed that she would recommend he be transferred to another correctional facility, but told him at a later appointment that she would not recommended transfer. He claims that Dr. Galioto allowed correctional staff to influence her medical advice (Doc. 82 at 37).

More significant to the motion currently before the Court, Goings complains that Dr. Galioto recorded the following notations in his medical records: 1) can't control movements; 2) family trying to kill me (Id. at 38). He claims the entries are inaccurate and distort what he said to Galioto. Specifically, Goings alleges that he reported fears that the prison staff was trying to harm him through their control of movement passes and that he believed his victim's family, not his own, was trying to kill him. Goings further alleges that these inaccurate notations were

intentionally or recklessly published in his medical records to cause him severe emotional distress.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the Complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's Complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

To survive a Rule 12(b)(6) motion, the Complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Requirement of a Section 2-622 Report

Illinois statute generally requires that a medical malpractice plaintiff attach to the complaint an attorney affidavit (or affidavit of the plaintiff if the plaintiff is *pro se*) and written report of a health professional, both attesting that after review of the plaintiff's medical records, there is a reasonable and meritorious cause for filing of such action. 735 ILCS 5/2–622(a). Defendant Galioto contends that Plaintiff's claim against her is really a medical malpractice claim and that his failure to comply with Section 2-622 merits dismissal of the claim.

Whether a claim requires a Section 2-622 report under Illinois law depends on whether the claim is one "in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." *Woodard v. Krans*, 600 N.E.2d 477, 486, 234 Ill.

App. 3d 690, 175 Ill. Dec. 546 (1992) (quoting 735 ILCS 5/2-622). Although a Complaint may not state a medical malpractice claim on its face, it "may nonetheless come within the ambit of Section 2-622 if it sounds in malpractice." *Liebich v. Hardy*, No. 11 C 5624, 2014 WL 1395957, at *1 (N.D. Ill. Apr. 10, 2014) (citing *Warren ex rel. Warren v. Dart*, 2010 WL 4883923 at *11 (N.D. Ill. Nov. 24, 2010) and *Bommersbach v. Ruiz*, 461 F.Supp.2d 743, 748–49 (S.D. Ill. 2006)).

The phrase "medical, hospital or other healing art practice" must be construed broadly. *Jackson v. Chicago Classic Janitorial and Cleaning Service, Inc.*, 355 Ill.App.3d 906, 291 Ill.Dec. 469, 823 N.E.2d 1055, 1058 (Ill. App. 2005)(*leave to appeal denied*, 215 Ill.2d 598, 295 Ill.Dec. 521, 833 N.E.2d 3 (Ill. May 25, 2005) (citations omitted). "…'[H]ealing art' includes 'an entire branch of learning dealing with the restoration of physical or mental health.'" *Id.* at 1059. Courts look to three factors to determine whether a Complaint is one for malpractice requiring an affidavit and report: (1) whether the standard of care involves procedures not within the grasp of the ordinary lay juror; (2) whether the activity is inherently one of medical judgment; and (3) the type of evidence that will be necessary to establish plaintiff's case. *Bommersbach*, 461 F.Supp.2d at 749.

## Discussion

Defendant Galioto moves to dismiss Count 18 – Plaintiff's intentional infliction of emotional distress claim – arguing that it is in reality a medical malpractice claim under Illinois law that it is not adequately supported by a report from a qualified medical professional as required under 735 ILCS 5/2-622. The Court disagrees. While Dr. Galioto is a psychiatrist and would be held to a standard of care that applies distinctive principles of medical record documentation, Goings' claim does not implicate such principles. The issue is not Dr. Galioto's exercise of medical judgment as to what information to document given Goings' medical history,

diagnoses, etc., but rather whether she recklessly or intentionally documented inaccurate or false information. Moreover, this question is not beyond the understanding or grasp of ordinary jurors.

For the above reasons, the Court does not construe Count 18 as a medical malpractice claim under Illinois law. Accordingly, Defendant Galioto's Motion to Dismiss Count 18 (Doc. 137) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 9, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
